UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RPD LONG BEACH, | : | NO. 1:07-CV-00475 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | **OPINION AND ORDER** |
| TRANTER-HARE INVESTMENT | : | |
| BUILDING CORP., | : | |
| | : | |
| Defendant. | : | |
| | : | |

        This matter is before the Court on Defendant's Motion for
Judgment on the Pleadings and Motion to Dismiss or Stay the Action
(doc. 6), Plaintiff's Response in Opposition (doc. 13), and
Defendant's Reply (doc. 16).  Also before the Court are Counter-
Defendant's Motion for Partial Summary Judgment (doc. 7), Counter-
Claimant's Motion for Refusal of Application (doc. 12), Counter-
Defendant's Response in Opposition to Motion for Refusal of
Application (doc. 15), and Counter-Claimant's Reply (doc. 17).
For the reasons stated below, this action is hereby dismissed
without prejudice.  Because the Court is abstaining from
adjudicating this matter, the Court will not reach and denies as
moot both Counter-Defendant's Motion for Partial Summary Judgment
(doc. 7), and Counter-Claimant's Motion for Refusal of Application
(doc. 12).

**I. Background**

        This case originates in a dispute about the validity of

an easement over Defendant's property (doc. 1). Plaintiff seeks to develop a parcel of property neighboring Defendant's property (Id.). Both properties border Montgomery Road, a busy commercial thoroughfare in Sycamore Township, Ohio (Id.). Plaintiff's property, however, lacks convenient access for ingress and egress onto Montgomery Road (Id.). To gain access to Montgomery Road, Plaintiff approached Defendant to negotiate an ingress/egress easement over Defendant's property (Id.). The parties negotiated for two years, without success (doc. 6). Undaunted by failure to arrive at an agreement directly with Defendant, and without consulting Defendant, Plaintiff turned to Defendant's lessee, McDonald's Corporation ("McDonald's"), and successfully negotiated the easement it desired (doc. 1). By the express terms of the Easement Agreement, the easement affects only McDonald's leasehold interest, and terminates upon termination of McDonald's lease. (Id.).

Having obtained the easement with Defendant's lessee, Plaintiff sought zoning approval from the Sycamore Township Board of Trustees ("Board"), for development of its property (Id.). Defendant protested, appearing at all hearings to contest the validity of the easement and to argue against zoning approval (doc. 6). According to Plaintiff, Defendant stated at the hearing that the Easement Agreement was invalid because its lease agreement with McDonald's precludes any subleases without Defendant's consent

2

(doc. 1). Ultimately, the Sycamore Township Zoning Commission ("Commission"), unable to determine the validity of Plaintiff's easement, recommended that Plaintiff's application be denied, and the Board adopted the Commission's recommendation (doc. 1).

Plaintiff has since appealed the Board's decision to the Hamilton County Court of Common Pleas (doc. 2). McDonald's has sought to intervene in that suit, but as of yet has been unsuccessful (docs. 13, 16). Defendant, in turn, has sued McDonald's in state court for breach of lease (doc. 6). Plaintiff brought the instant federal diversity action on June 18, 2007, slightly more than two weeks after it filed its appeal in state court (docs. 1,3).

Plaintiff's Complaint includes four counts (doc. 1). In the first count, Plaintiff seeks declaratory judgment that its Easement Agreement with McDonald's is valid (Id.). The remaining counts all pertain to Defendant's actions in opposing the easement: Count Two alleges Intentional Interference with Actual and Prospective Business Relations; Count Three alleges Intentional Interference with Right to Petition Government; Count Four alleges Slander of Property Interest; and Count Five alleges Falsification under Ohio Revised Code § 2921.13 (Id.).

## II. Defendant's Motion for Judgment on the Pleadings and Motion to Dismiss or Stay the Action

### A. Defendant's Motion

On August 31, 2007, Defendant filed the instant Motion attacking Plaintiff's claims against it (doc. 6).  As for Count One of Plaintiff's Complaint, Defendant argues the declaratory judgment action should be stayed or dismissed under several federal abstention doctrines.  First, Defendant argues the abstention doctrine of <u>Younger v. Harris</u>, 401 U.S. 37, 91 (1971), applies because 1) there is an ongoing state proceeding or state review is available, 2) the state proceeding implicates an important government interest, and 3) there is an adequate opportunity in the state proceedings for the plaintiff to raise federal constitutional claims (<u>Id</u>. <u>citing</u> <u>Coles v. Granville</u>, 448 F.3d 853, 865 (6th Cir. 2006), <u>Executive Arts Studio, Inc. v. Grand Rapids</u>, 391 F.3d 783, 791 (6th Cir. 2004)).  Next, Defendant argues that the Court should abstain pursuant to the abstention doctrine of <u>Colorado River Water Conservation District v. United States</u>, 424 U.S. 800 (1976), out of deference to parallel state court proceedings, to avoid duplicative litigation and to conserve judicial resources (<u>Id</u>.).  Finally, Defendant argues that the Complaint is barred by the <u>Rooker-Feldman</u> doctrine, barring federal court review of an injury from a state court judgment (<u>Id</u>. <u>citing</u> <u>Rooker v. Fidelity Trust, Co.</u>, 263 U.S. 413 (1923), <u>D.C. Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983)).

As for the remaining Counts Two through Five, Defendant contends its arguments and statements in opposition to the easement

4

were voiced as part of a judicial proceeding and were therefore privileged (Id.). Under Ohio law, it argues, therefore, it is immune from any claims against it based upon its statements (Id. citing M.J. DiCorpo, Inc. v. Sweeney, 69 Ohio St. 3d 497, 505, 634 N.E. 2d 203, 209 (Ohio, 1994)). Defendant further argues that Counts Two through Five are akin to a "SLAPP suit," a civil lawsuit against someone for having communicated with a government body or official on an issue of public interest or concern (Id.).

### B. Plaintiff's Response

In its Response, Plaintiff argues the Court should not abstain from hearing its declaratory judgment claim (doc. 13). Plaintiff argues that because Defendant already argued in the state court appellate proceeding that the state court need not decide the validity of the easement, it should be estopped from arguing here that this court should defer to the state court to make the determination (Id.). Plaintiff further argues that the state court lease action between Defendant and McDonald's cannot resolve the issue of the validity of Plaintiff's easement, as Plaintiff is not party to that action (Id.).

Plaintiff next argues that Younger abstention does not apply because Defendant's request for declaratory judgment implicates no important state interest (Id.). Plaintiff argues that Defendant exaggerates the Sixth Circuit's position on abstention as it relates to zoning matters, and notes the appellate

5

court declined to apply abstention in <u>Executive Arts Studio, Inc.</u> <u>v. Grand Rapids</u>, 391 F.3d 783, 791, the authority cited by Defendant (<u>Id</u>.).  Finally, Plaintiff argues that unlike in this case, all of the authorities cited by Defendant involved a state or quasi-governmental authority as a party, such that an important state interest resulted (<u>Id</u>.).

   As for <u>Colorado River</u> abstention, Plaintiff argues such doctrine is inapplicable because the state and federal actions are not parallel (<u>Id</u>.).  To require abstention under <u>Colorado River</u>, Plaintiff argues, there must be identity of parties and issues in the state and federal actions (<u>Id</u>.).  Due to Plaintiff's absence from the breach of lease action, Sycamore Township's absence from this federal action, and dissimilar issues raised beyond the validity of the easement, Plaintiff argues the federal and state court actions cannot be considered parallel (<u>Id</u>.).

   Plaintiff next argues that the <u>Rooker-Feldman</u> doctrine is inapplicable because it is not challenging a state court decision or judgment (<u>Id</u>.).  Citing <u>Coles v. Granville</u>, 448 F.3d 853 (6th Cir. 2006), Plaintiff argues the doctrine only bars a federal court from conducting appellate review of a state court decision (<u>Id</u>.).

   Finally, Plaintiff argues that Counts Two through Five of its Complaint should survive Defendant's attack, because such claims involve false claims, false statements, and threats, as opposed to mere opinions expressed in a proceeding (<u>Id</u>.).  In

Plaintiff's view, the totality of the circumstances shows that Defendant repeatedly made the "verifiably false" statement to the Township that Plaintiff's easement was invalid (Id.).  Plaintiff argues Defendant coupled such assertions with the threat of suing the township for a "taking" if the Township approved Plaintiff's plan to develop Plaintiff's property (Id.).  Defendant cannot possess absolute immunity from lawsuit for its actions, contends Plaintiff, because much of its conduct was not in the nature of testimony at a zoning hearing, but rather involved threats and wrongful demands (Id.).

### C. Defendant's Reply

Defendant replies there is no basis for judicial estoppel based on its arguments in the appeal of the Township's denial of the development application, as there are numerous grounds upon which the application could be rejected, and the state court need not reach the easement issue (doc. 16).  However, Defendant argues the breach of lease action is the most appropriate forum for the question, and it argues it would not object to Plaintiff's intervention in that matter (Id.).  Moreover, argues Defendant, because the state court has not yet ruled on any issues, it is premature to rely on the doctrine of judicial estoppel (Id.).

Defendant next argues that Younger abstention applies here because the claim involves an important state interest in a property dispute implicating Ohio law on easements, lease

7

interpretation, and a development application (Id.).  Defendant argues that Plaintiff's suggestion that a state government should be involved as a party is unsupported by any language in Younger or relevant case law (Id.).

Defendant next contends the various state and federal actions are sufficiently similar to allow operation of the Colorado River abstention doctrine (doc. 16).  In Defendant's view there is an identity of issues in the state court action, the breach of lease action, and this federal action (Id.).  All three cases may turn on  whether McDonald's and Plaintiff were legally permitted to enter into the Easement Agreement without Defendant's consent (Id.).  Furthermore, argues Defendant, there is a substantial identity of parties, as it is a party to all three cases, Plaintiff is party to the state court action, and Plaintiff is free to intervene in the breach of lease action (Id.).

Defendant argues the Court should stay this action pursuant to the Rooker-Feldman doctrine, because Plaintiff claims injuries resulting from the Township's denial of its development application in a quasi-judicial process (Id.).  The purpose of the Rooker-Feldman doctrine, contends Defendant, is to maintain the normal chain of appellate review for state law claims (Id.).  In Defendant's view, Plaintiff should therefore pursue its appeal in the state court without inviting district court review (Id. citing Coles, 448 F.3d at 857).

8

As for Counts Two through Five, Defendant argues its legal arguments and opinions in the administrative hearing are not and cannot be false statements of fact, and are subject to absolute immunity under Ohio law (<u>Id</u>. citing <u>Nozik v. Sanson</u>, 662 N.E.2d 1134 (Ohio Ct. App., 1995)). Defendant argues that its letters to Sycamore Township were part of the process of the pending development application hearings, and as such, are subject to the same principles of immunity (<u>Id</u>.).

## III. Discussion

Having reviewed this matter, the Court finds Defendant's argument well taken that the Court should properly abstain from reaching Count One of Plaintiff's Complaint on the question of the validity of the its easement with McDonald's. The Court finds Plaintiff's arguments in response unavailing.

The Court has confidence that Plaintiff's appeal of the Township's denial of its development application, in which it has asserted that the principal issue is whether its easement is valid, will be properly adjudicated before Magistrate Michael Bachman and Judge John A. West. <u>Younger</u> abstention applies here because Plaintiff's claims involve important state interests in a property dispute implicating Ohio law on easements, lease interpretation, and a development application. Moreover, the Court finds well-taken Defendant's position that Plaintiff is essentially appealing

9

the denial of its development application by Sycamore Township to this Court, which the Court finds inconsistent with the principles of the Rooker-Feldman doctrine.  Coles, 448 F.3d at 857.  Although there is as of yet no final judicial determination from the state court, clearly it shall be forthcoming, and the Court finds it in the interests of justice to defer to the state court in this instance.

Even should the state court find other grounds upon which to make its ruling in the appeal of the denial of Plaintiff's development application, the Court is further convinced that the parallel breach of lease action should be key to the outcome of this dispute.  The state law question of whether a lessee can grant a temporary easement to a neighbor may be rendered moot, should the breach of lease action result in a finding that in this specific instance, McDonald's was not permitted to grant such an easement in the first place.

Finally, the Court finds the various claims that Defendant lied and interfered with Plaintiff's rights are also properly before the state court.  As Plaintiff appealed the Trustee's decision, should such decision have been based upon misrepresentations, then clearly the state appeals court would have a basis to overturn the Township's decision.  These arguments are therefore properly before the state court, and this Court need not reach them.

10

## IV. Conclusion

For the reasons indicated herein, the Court GRANTS Defendant's Motion for Judgment on the Pleadings and Motion to Dismiss or Stay the Action (doc. 6), to the extent that it ABSTAINS from adjudicating Plaintiff's Complaint, and DISMISSES this matter WITHOUT PREJUDICE.  The Court further does not reach and DENIES as MOOT both Counter-Defendant's Motion for Partial Summary Judgment (doc. 7), and Counter-Claimant's Motion for Refusal of Application (doc. 12).


SO ORDERED.

Dated: January 29, 2008          /s/ S. Arthur Spiegel
_____

                                 S. Arthur Spiegel
                                 United States Senior District Judge